IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF TEXAS
AUSTIN DIVISION

| | |
|---|---|
| MICHAEL JONES § | |
| § | |
| V. § | A-20-CV-564-RP |
| § | |
| LORIE DAVIS, Director, § | |
| Texas Dept. of Criminal Justice- § | |
| Correctional Institutions Division § | |

## ORDER

Before the Court is Petitioner's Application for Habeas Corpus Relief under 28 U.S.C. § 2254 (Document 1). Petitioner, proceeding pro se, has been granted leave to proceed in forma pauperis. For the reasons set forth below, Petitioner's Application for Writ of Habeas Corpus is denied.

## STATEMENT OF THE CASE

Petitioner does not challenge his holding conviction. Rather, he challenges prison disciplinary case number 20190292856. Petitioner indicates he was charged with attempting to establish an inappropriate relationship and found guilty on August 6, 2019. Petitioner asserts he completed the two-step grievance procedure to appeal his disciplinary case.

## DISCUSSION AND ANALYSIS

As a result of disciplinary case number 20190292856, Petitioner was restricted to his cell for 45 days and lost 45 days of commissary and other privileges. These punishments do not trigger the Due Process Clause. In *Madison v. Parker*, 104 F.3d 765, 768 (5th Cir. 1997), the Fifth Circuit Court of Appeals held that commissary and cell restrictions are merely changes in the conditions of a prisoner's confinement and do not implicate due process concerns. "They are penalties which do

not represent the type of atypical, significant deprivation in which a state might create a liberty interest." *Id.*

In addition to the above-listed punishments, Petitioner was reduced in line class from L1 to L2. Challenges to changes in time-earning class also do not present grounds for federal habeas corpus relief. The Fifth Circuit has held the timing of a petitioner's release on mandatory supervision is too speculative to afford him a constitutionally cognizable claim to the "right" to a particular time-earning status, which right the Texas legislature has specifically denied creating. *Malchi v. Thaler*, 211 F.3d 953, 959 (5th Cir. 2000).

Although Petitioner asserts he is eligible for mandatory supervision, he admits he did not lose good time credits. Challenges to disciplinary proceedings do not generally raise a cognizable constitutional violation unless the petitioner has lost good time credits and is eligible for mandatory supervision. *See Malchi*, 211 F.3d at 957-58; *Madison*, 104 F.3d at 768.

## CONCLUSION

Petitioner is not entitled to federal habeas corpus relief, because he lost no good time credits.

## CERTIFICATE OF APPEALABILITY

An appeal may not be taken to the court of appeals from a final order in a habeas corpus proceeding "unless a circuit justice or judge issues a certificate of appealability." 28 U.S.C. § 2253(c)(1)(A). Pursuant to Rule 11 of the Federal Rules Governing Section 2254 Cases, effective December 1, 2009, the district court must issue or deny a certificate of appealability when it enters a final order adverse to the applicant.

A certificate of appealability may issue only if a petitioner has made a substantial showing of the denial of a constitutional right. 28 U.S.C. § 2253(c)(2). The Supreme Court fully explained

the requirement associated with a "substantial showing of the denial of a constitutional right" in *Slack v. McDaniel*, 529 U.S. 473, 484 (2000).  In cases where a district court rejected a petitioner's constitutional claims on the merits, "the petitioner must demonstrate that reasonable jurists would find the district court's assessment of the constitutional claims debatable or wrong." *Id.*  "When a district court denies a habeas petition on procedural grounds without reaching the petitioner's underlying constitutional claim, a COA should issue when the petitioner shows, at least, that jurists of reason would find it debatable whether the petition states a valid claim of the denial of a constitutional right and that jurists of reason would find it debatable whether the district court was correct in its procedural ruling." *Id.*

In this case, reasonable jurists could not debate the dismissal or denial of the Petitioner's section 2254 petition on substantive or procedural grounds, nor find that the issues presented are adequate to deserve encouragement to proceed.  *Miller-El v. Cockrell*, 537 U.S. 322, 327 (2003) (citing *Slack*, 529 U.S. at 484).  Accordingly, the Court denies Petitioner a certificate of appealability.

It is therefore **ORDERED** that Petitioner Michael Jones's Application for Writ of Habeas Corpus is **DENIED**.

It is further **ORDERED** that a certificate of appealability is **DENIED**.

**SIGNED** on May 28, 2020.

ROBERT PITMAN
UNITED STATES DISTRICT JUDGE